# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEVEN L. YARMY, BAR NO. 8733.

No. 77095

FILED

DEC 24 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Steven L. Yarmy. Under the agreement, Yarmy admitted to violating RPC 1.5 (fees) and RPC 1.15 (safekeeping property) and agreed to a stayed 18-month suspension and an 18-month probationary period with the following conditions: that he has no discipline during the probationary period, hires a forensic accountant to review his operating and trust accounts, pays restitution to any party in the amount determined by the accountant, completes an additional 10 hours of CLE in accounting practices, and pays the costs of the disciplinary proceedings.

Yarmy has admitted to the facts and violations as part of his plea agreement. The record therefore establishes that Yarmy violated RPC 1.5 by collecting attorney fees for a bankruptcy matter without first getting authority from the bankruptcy court and without demonstrating that he had earned those fees, and he violated RPC 1.15 by failing to properly maintain his trust account, commingling client funds, and failing to make payments to clients' creditors.

SUPREME COURT
OF
NEVADA

(0) 1947A

18-910218

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The panel found that Yarmy negligently violated duties owed to his clients (fees and safekeeping property). Although the record does not specifically state any actual injury, it appears that his clients' creditors have not been paid despite Yarmy receiving funds from the clients to distribute to the creditors. Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension, *id.*, Standard 4.12 ("Suspension is generally appropriate when a lawyer . . . should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of three aggravating circumstances (a pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and two mitigating circumstances (full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and remorse). Considering all four factors, we conclude that a stayed 18-month suspension is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (providing that the purpose of

attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we suspend attorney Steven Yarmy from the practice of law in Nevada for 18 months commencing from the date of this order. The suspension shall be stayed subject to the conditions set forth in the guilty plea agreement: that he (1) has no discipline for 18 months from the date of this order; (2) hires a forensic accountant within 30 days from the date of this order to review his operating and trust accounts from January 2016 forward; (3) pays restitution to any party in the amount determined by the accountant within 90 days from the date of the accountant's final report or, upon a showing of good cause, no later than 18 months from the date of this order; (4) completes an additional 10 hours of CLE in accounting practices within 18 months from the date of this order; and (5) pays the costs of the disciplinary proceedings within 30 days from the date of this order in the amount of $2,500 as provided by SCR 120(3) plus the amount of additional costs as allowed by SCR 120(1) and billed by the State Bar. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____ Cherry, J.
Cherry

_____ J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

DOUGLAS, C.J., and HARDESTY, J., dissenting:

Although we agree that a stayed 18-month suspension is appropriate, we believe that the conditions on the stayed suspension are not sufficient to protect the public. Much of Yarmy's misconduct relates to his poor accounting practices, yet none of the agreed-upon conditions sufficiently ensure that his accounting practices will improve or that his trust accounts and handling of client funds will be sufficiently monitored so as to protect the public. Specifically, the conditions requiring Yarmy to hire an accountant and pay restitution serve only to remedy his past misconduct; they do nothing to improve his accounting practices and thus prevent him from repeating his misconduct. His pervasive and systemic mishandling of client funds over a long period of time warrants additional conditions such as employing bookkeeping services if he continues to practice on his own, providing the State Bar with quarterly audits of his trust account at his own expense, and/or obtaining a mentor to ensure that he has a proper accounting system in place. Without additional safeguards, we would reject the conditional guilty plea agreement. Accordingly, we must dissent.

_____, C.J.
Douglas

_____, J.
Hardesty

cc:   Chair, Southern Nevada Disciplinary Panel
Steven L. Yarmy
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, United States Supreme Court